United States District Court
Southern District of Texas
**ENTERED**
January 28, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PARVIZ IZADJOO, Individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-15-2213 |
| OWEN KRATZ and HELIX ENERGY SOLUTIONS GROUP, INC. | § § § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER APPOINTING LEAD PLAINTIFF AND APPROVING LEAD COUNSEL**

The putative class members in this federal securities action are investors in Houston-based Helix Energy Solutions Group, Inc. ("Helix"), an off-shore energy services company. They allege that since October 21, 2014 Helix has made misrepresentations about the length of time that two of its well-intervention vehicles would be idle during 2015. When the facts about the vehicles' time in service was revealed, Helix's stock priced declined. The plaintiffs seek damages for the decline in the value of their shares.

Class members Steven Strassberg and Bruce R. Siegfried moved to be appointed as lead plaintiffs and to have the Rosen Law Firm approved as lead counsel and R. Dean Gresham as liaison counsel for the class. (Docket Entry No. 10). Class member Jerry LeBlanc filed a notice of non-opposition to Strassberg and Siegfried's motion after moving for his own appointment. (Docket Entry No. 18). Although Strassberg and Siegfried's motion is unopposed, this court has an independent duty to ensure that the statutory and rule requirements are met. *See* FED. R. CIV. P. 23(g).

Based on the pleadings, the motions, LeBlanc's notice of non-opposition, and the applicable law, the court now grants Strassberg and Siegfried's motion for appointment of lead plaintiffs and lead and liaison counsel. The reasons are explained below.

## I.     The Standard for Determining "the Most Adequate Plaintiff" Under the PSLRA

Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Pub. L. No. 104-67, 109 Stat. 737, the district court must appoint the lead plaintiff "[a]s soon as practicable" after ruling on a motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(ii). On October 20, 2015, the court granted the plaintiffs' motions to consolidate this case with Case No. 4:15-cv-2540. (Docket Entry No. 30). The PSLRA requires notice within 20 days after the plaintiff files a complaint that informs class members of their right to move for lead-plaintiff status within 60 days after the notice was published. 15 U.S.C. § 78u-4(a)(3)(A)(i). The parties do not dispute the adequacy of the notice.

In appointing the lead plaintiff,

> the court shall consider any motion made by a purported class member . . . , including any motion by a class member who is not individually named as a plaintiff in the complaint or complaints, and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

Id. at § 78u-4(a)(3)(B)(i). "[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that":

> (aa)    has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

2

> . . .
>
> > [This presumption] may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff
> >
> > (aa)   will not fairly and adequately protect the interests of the class; or
> >
> > (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

*Id.* § 78u-4(a)(3)(B)(iii)(I)–(II). Discovery on this issue may be conducted only if "the plaintiff first demonstrates a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class." *Id.* § 78u-4(a)(3)(B)(iv). The most adequate plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." *Id.* § 78u-4(a)(3)(B)(v).

## II.   Which of the Plaintiffs Is Presumed "the Most Adequate"?

For the presumption to apply, "the lead plaintiff or plaintiffs must possess not only the largest financial interest in the outcome of the litigation, but must also meet the requirements of Federal Rule of Civil Procedure 23." *In re Waste Management, Inc. Sec. Litigation*, 128 F. Supp. 2d 401, 411 (S.D. Tex. 2000).

### A.   The Largest Financial Interest

Courts in this district consider the four Lax factors to determine who has the largest financial interest. The factors are "(1) the number of shares purchased, (2) the number of net shares purchased, (3) the total net funds expended by the plaintiff(s) during the class period, and (4) the approximate losses suffered by the plaintiff(s)." *Id.* at 414 (citing *Lax v. First Merchants Acceptance Corp.*, No. 97-c-2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997)). It is undisputed that Strassberg and Siegfried have the largest financial interest in the relief the putative class seeks.

They purchased the largest number of total and net shares, spent the largest amount of total net funds, and suffered the largest loss.   (Docket Entries No. 11, 12).

### B.   Do Strassberg and Siegfried Otherwise Satisfy the Requirements of Rule 23?

Because Strassberg and Siegfried have the largest financial interest, they are presumptively entitled to lead-plaintiff status unless they fail the requirements of Federal Rule of Civil Procedure 23.

#### 1.   The Legal Standard Under Rule 23

The Rule 23(a) requirements are that:

(1)   the class is so numerous that joinder of all members is impracticable;

(2)   there are questions of law or fact common to the class;

(3)   the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4)   the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23.  The most relevant requirements under the PSLRA are adequacy and typicality. *Enron*, 206 F.R.D. at 441.  "Although the inquiry at this stage of the litigation in selecting the Lead Plaintiff is not as searching as the one triggered by a subsequent motion for class certification, the proposed Lead Plaintiff must make at least a preliminary showing that it has claims that are typical of those of the putative class and has the capacity to provide adequate representation for those class members."  *Id.*

"The typicality requirement focuses less on the relative strengths of the named and unnamed plaintiffs' cases than on the similarity of the legal and remedial theories behind their claims." *Bertulli v. Indep. Ass'n of Cont'l Pilots*, 242 F.3d 290, 297 n.32 (5th Cir. 2001) (quoting *Jenkins v.*

4

*Raymark Indus., Inc.*, 782 F.2d 468, 472 (5th Cir. 1986)) (internal quotation marks omitted). The class representative's claims must "have the same essential characteristics of those of the putative class." *James v. City of Dallas*, 254 F.3d 551, 571 (5th Cir. 2001), abrogated on other grounds by *M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 839–41 (5th Cir. 2012).

"The adequacy requirement mandates an inquiry into the zeal and competence of the representatives' counsel and the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees." *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001) (alterations omitted) (quotation marks omitted). It also "serves to uncover conflicts of interest between named parties and the class they seek to represent." *In re Deepwater Horizon*, 785 F.3d 1003, 1015 (5th Cir. 2015) (quotation marks omitted).

"The typicality and adequacy inquiries are related in this context, as a party's lack of the same essential characteristics of those of the putative class may result in conflicts between the named plaintiffs' interests and the class members' interests." *In re BP Sec. Litigation*, 758 F. Supp. 2d 428, 437 (S.D. Tex. 2010) (citations omitted) (quotation marks omitted). "For example, if such a party were appointed lead plaintiff, there would be potential conflicts between the party and the other class members in drafting the consolidated complaint, in defending a motion to dismiss, and in conducting discovery—the party would have an interest in pursuing its specific claims to the potential exclusion of other class members' claims." *Id.*

### 2. Analysis

Strassberg and Siegfried lost money on the Helix securities they bought during the class period. Their legal and remedial theories have the same essential characteristics as the class claims. This is sufficient for typicality.

## III. Has the Presumption Been Rebutted?

No evidence has been submitted rebutting the presumption. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). The court finds that Strassberg and Siegfried are the most adequate plaintiffs under the PSLRA.

## IV. Approval of Lead Counsel

The most adequate plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." *Id.* § 78u-4(a)(3)(B)(v). The court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the [plaintiff] class." *Enron*, 206 F.R.D. at 441 (quotation marks omitted). "The adequacy of the putative class representative(s) and of plaintiffs' counsel should not be presumed, however, even in the absence of proof to the contrary; plaintiff bears the burden of demonstrating his and his counsel's adequacy." *Id.*

The Rosen Law Firm and R. Dean Gresham meet the requirements for approval of lead and liaison counsel. The Rosen Law Firm and R. Dean Grisham submitted resumes. (Docket Entry No. 12, Exs. 4 and 5). The Law Firm has extensive experience in securities class actions, and R. Dean Gresham has extensive experience serving as liaison class counsel. The record shows that the Rosen Law Firm and R. Dean Gresham will adequately represent the putative class. Strassberg and Siegfried 's choice of counsel is approved.

**V.     Conclusion**

The court grants Strassberg and Siegfried 's motion for appointment of lead plaintiff and approves the Rosen Law Firm as lead counsel and R. Dean Gresham as class liaison counsel. (Docket Entry No. 10).

SIGNED on January 28, 2016, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge